

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 16, 1966

Honorable Henry Wade          Opinion No. C-762
District Attorney
Dallas County Government    Re:   Interpretation of
   Center                            Article 49.05, Code
Dallas, Texas                     of Criminal Procedure

Dear Mr. Wade:

      Your recent letter requests an opinion of
this office, wherein you ask the following questions:

"1.  What is the interpretation of the
word 'absence' as such word is con-
tained in the phrase 'and in the ab-
sence of any of the foregoing' which
phrase is found in the second para-
graph of Section 1 of Article 49.05,
Code of Criminal Procedure?  As an
example, situations arise where the
father is presently in Viet Nam and
we have been submitted the question
of whether he is considered to be ab-
sent under this statute.

"2.  That last sentence of Section 1 of
Article 49.05, Code of Criminal Pro-
cedure, states 'If two or more of the
above-named persons assume custody of
the body, consent of one of them shall
be deemed sufficient.'  In regard to
this sentence, we submit the follow-
ing two questions concerning its inter-
pretation.

a)  Does this sentence refer to the
entire list of individuals enu-
merated in the first sentence of
the second paragraph of Section 1
of Article 49.05, Code of Crimi-
nal Procedure?

b)  Under this provision, if two per-
sons (i.e., two uncles) of the

-3666-

> deceased assume custody of the
> body while the father is avail-
> able for consent to an autopsy,
> must the father still be the
> one to consent or is consent of
> one of the uncles deemed suffi-
> cient?"

Article 49.05, Section 1, Vernon's Code of Crim-
inal Procedure, provides as follows:

> "Consent for a licensed physician to
> conduct an autopsy of the body of a de-
> ceased person shall be deemed sufficient
> when given by the following: In the case
> of a married person, the surviving spouse,
> or if no spouse survive him, by any child
> of such marriage, or in the event of a
> minor child of such marriage, the guard-
> ian of such child if any there be, or in
> the absence of such guardian, the court
> having jurisdiction of the person of such
> minor; in the event that neither spouse
> nor child survives such deceased, then per-
> mission for an autopsy shall be valid when
> given by a person who would be allowed to
> give such permission in the case of an un-
> married deceased.
>
> "If the deceased be unmarried, then per-
> mission shall be given by the following for
> such autopsy, in the order stated: father,
> mother, guardian, or next of kin, and in
> the absence of any of the foregoing, by
> any natural person assuming custody of and
> responsibility for burial of the body of
> such deceased. If two (2) or more of the
> above named persons assume custody of the
> body, consent of one (1) of them shall be
> deemed sufficient."

Although there are no cases defining "absence"
as that term is used in Article 49.05, Vernon's Code of
Criminal Procedure, it is the opinion of this office that
the word "absence", as used therein, means "non-existent".
If any of the parties enumerated in Article 49.05, Section
1, are living and are capable of giving consent, then con-
sent for the autopsy must be obtained from the party upper-
most on the list. Article 49.05, Section 1, Paragraph 1,

provides that consent for autopsy must be obtained from the spouse, if the spouse survives. Paragraph 2 must be given the same construction. If the father of the deceased is living, then he alone can give consent to an autopsy. If all of the enumerated parties are deceased or presumed to be dead under the provisions of Article 5541, Vernon's Civil Statutes, then consent may be obtained from a natural person assuming custody of and responsibility for burial of the body of such deceased.

In answer to question 2(a), it is the opinion of this office that this sentence refers only to natural persons assuming custody of and responsibility for burial of the body of such deceased. A "natural person" evidently refers to any person other than those enumerated. In answer to question 2(b), it is the opinion of this office that the father, if living, must give consent for the autopsy, regardless of whom assumes custody of the body.

## S U M M A R Y

(1) The term "absence" as used in Article 49.05, Code of Criminal Procedure, Section 1, Paragraph 2, means "non-existent".

(2)(a) The last sentence of Section 1 of Article 49.05, Code of Criminal Procedure, states: "If two (2) or more of the above named persons assume custody of the body, consent of one (1) of them shall be deemed sufficient". This sentence refers only to natural persons assuming custody of and responsibility for burial of the body of such deceased.

(2)(b) If two uncles of the deceased assume custody of the body, consent for an autopsy must nevertheless be obtained from the father if living.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

Honorable Henry Wade, page 4 (C-762 )

By _Thomas W. Mack_
THOMAS W. MACK
Assistant Attorney General

TWM/er

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Robert E. Owen
Lonny F. Zwiener
Malcolm Quick
John Banks

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright